## TAYLOR v. MUNSON S. S. LINE.

### (District Court, S. D. Alabama, S. D. April 23, 1913.)

### No. 487.

1. MASTER AND SERVANT (§ 185*)—INJURIES TO SERVANT—FELLOW SERVANTS.

Complainant, a stevedore, while engaged in stowing timber in the hold of a vessel, was injured by the fall of a stick of timber, due to his effort to escape another stick of timber being lowered into the hold in a sling. He alleged that he was injured by reason of the superintendent's negligence in giving orders to rush the work of loading, causing the stick to be carried into the hold by the sling before the timber he carried had been stowed away; that plaintiff, while bearing another stick, was compelled to make an effort to escape the stick in the sling, and was thereby caused to fall, and was injured by the stick he was carrying falling on him. *Held*, that plaintiff could not recover for any negligence of the men in executing the order of the superintendent to hurry the work; such negligence, if any, being that of plaintiff's fellow servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385-421; Dec. Dig. § 185.*]

2. MASTER AND SERVANT (§ 96*)—INJURIES TO SERVANT—PROXIMATE CAUSE.

Plaintiff's injury not being the probable or natural result of the superintendent's order, it could not be regarded as the proximate cause of plaintiff's injury, so as to make the superintendent's negligence in giving such order, if any, actionable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 157, 158, 162; Dec. Dig. § 96.*]

At Law. Action by Ezekiel Taylor against the Munson Steamship Line. On demurrer to complaint. Sustained.

Alex T. Howard, of Mobile, Ala., for plaintiff.
Hanaw & Pillans, of Mobile, Ala., for defendant.

TOULMIN, Judge. The complaint alleges that one Cooper was superintendent of the loading of the vessel, under employment of the defendant, with timber; that he "negligently gave orders" to the men at work in loading the ship to rush and hurry the work of loading, and did thereby (that is, by giving said orders) cause a stick of timber to be carried into the hold before the timber already carried had been stowed away. The complaint then alleges that, as a direct and proximate result of the "negligent hurrying" of said work, a certain stick of timber was carried into the hatch to be stowed away by the gang of men, of which plaintiff was one, and at work, before the gang had finished stowing away the timber already carried into said hold, and that the plaintiff, whilst assisting in stowing away a heavy stick of timber, and whilst bearing the same in his hands, was compelled to make an effort to dodge and escape a stick of timber then being carried in a sling, and he was thereby caused to fall, and said stick of timber so carried by him was caused to fall on him, by which he was bruised, injured, etc.

It will be observed the complaint alleges in substance that as a direct and proximate result of the negligent *hurrying* of the work a stick of timber was carried into the hatch to be stowed away, and that the

plaintiff, in getting out of the way in the hold of the vessel, fell, and the stick of timber which he was carrying fell on and injured him. It is not alleged that any one was hurrying (negligently or otherwise) except himself; but it does not appear that he was negligent. The allegation is that Cooper, the superintendent, negligently gave orders to hurry. In what respect the orders were *negligently* given does not appear. It is therefore uncertain whether the pleader intends to charge that the superintendent negligently *gave* the *orders* to hurry the work in such a negligent manner as not to be clearly understood by the men, or that in executing the orders to hurry they negligently did so. There are, however, questions of law involved in the case which control the case, whether the one or the other aspect of it be clearly and properly presented.

[1] First. If the negligence, which caused the injury of which the plaintiff complains, was that of the men in executing the orders of the superintendent to hurry the work, the plaintiff cannot recover, because of the negligence of his fellow servants.

[2] Second. If the superintendent, Cooper, negligently gave orders to the men to hurry the work of loading the timber, unless it appears that the injury was the natural and probable consequence of the alleged negligence, and that it ought to have been foreseen in the light of attending circumstances, then the plaintiff would not be entitled to recover, and unless in addition the orders complained of were the proximate cause of the injury the plaintiff cannot recover. Milwaukee & St. P. R. Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256.

"An injury that is not the natural consequence of an act or omission, and that would not have resulted but for the interposition of a new and independent cause, is not actionable." Little Rock & M. R. Co. v. Barry, 84 Fed. 944, 28 C. C. A. 644, 43 L. R. A. 349, and numerous authorities cited therein.

"An injury that is the natural and probable consequence of an act of negligence is actionable, and such an act is the proximate cause of the injury. But an injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is not actionable, and such an act is either the remote cause, or no cause whatever, of the injury. * * * A natural consequence of an act is the consequence which ordinarily follows it—the result which may be reasonably anticipated from it. A probable consequence is one that is more likely to follow its supposed cause than it is to fail to follow it." Cole v. German Savings & Loan Soc., 124 Fed. 113, 59 C. C. A. 593, 63 L. R. A. 416; Chicago, St. P., M. & O. Ry. Co. v. Elliott, 55 Fed. 949, 5 C. C. A. 347, 20 L. R. A. 582.

Can it be justly or reasonably claimed that from the order of Cooper to the men to hurry the work of loading it could have been foreseen or anticipated, reasonably anticipated, as the probable or natural result of such order, that it would have inflicted injury on the plaintiff, or any other person engaged in the work of loading the timber? Could it have been foreseen or reasonably anticipated by Cooper that, by his order to hurry the work (not an uncommon order), the man carrying a stick of timber to be lowered into the hatch should hold it in a sling in so threatening a manner over or above the head of the plaintiff as to frighten him, and cause him, in his flight to escape imaginary or real danger, to fall down and become injured by the stick of timber he him-

self was carrying? I hardly think it would be so contended. Moreover:

"There is no duty imposed upon a master to anticipate breaches of duty on the part of his servants," even if such was the act of the man who was lowering the timber into the hatch. The master "may lawfully reckon the natural and probable result of his actions upon the supposition that his servants will obey the law and faithfully discharge their duties. The legal presumption is that they will do so, and this is the only practicable basis for the measurement of the acts, rights, or remedies of mankind." American Bridge Co. v. Seeds, 144 Fed. 605, 75 C. C. A. 407, 11 L. R. A. (N. S.) 1041; Little Rock & M. R. Co. v. Barry, 84 Fed. 944, 28 C. C. A. 644, 43 L. R. A. 349.

There would have been no injury to the plaintiff by or through Cooper's orders, unless the man who was lowering the timber into the hatch had been guilty of some act or omission; and it does not appear that there would have been any then, but for plaintiff's own unfortunate act of dodging and attempting to escape what he considered or believed to be impending danger, and which caused him to fall and be injured by the stick of timber he himself was bearing.

"The maxim of the law here applicable is that in law the immediate, and not the remote, cause of any event is regarded; and in the application of it the law rejects, as not constituting the foundation for an action, that damage which does not flow proximately from the act complained of. * * * If an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was more remote. * * * If the wrong and the resulting damage are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and the damage are not sufficiently conjoined or concatenated as cause and effect to support an action." 1 Cooley on Torts (3d Ed.) p. 99; Chicago, B. & Q. R. Co. v. Richardson (C. C. A.) 202 Fed. 842.

In no aspect of this case, as presented by the complaint, has the plaintiff, in my opinion, a right to recover.

Demurrers to the complaint sustained.